IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Erik J. Burch, ) | C/A No.: 1:20-2727-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Kirkland Reception and ) | |
| Evaluation Center Warden Terrie ) | ORDER AND NOTICE |
| Wallace, in his individual and ) | |
| official capacity; Kirkland ) | |
| Reception and Evaluation Center; ) | |
| and Kirkland Reception and ) | |
| Evaluation Center Medical Annex, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Erik J. Burch ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Kirkland Reception and Evaluation Center ("KREC"); KREC Warden Terrie Wallace, in his individual and official capacity; KREC Medical Annex (collectively "Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual Background

Plaintiff alleges on July 1, 2020, he fell when he awoke up in the middle of the night to use the toilet and slipped on sewage backup in his cell. [ECF No. 10 at 15]. His cellmate alerted the dorm officer that Plaintiff was unconscious on the floor. *Id.* He alleges the officers moved him out of his cell and eventually into a wheelchair and took him to the infirmary. *Id.* The nurse inspected his vitals, gave him two Motrin and said he just had a small bump. *Id.* The following morning, he was provided more Motrin and told that they would take him to the medical annex. *Id.* at 14. Plaintiff alleges he continued to suffer from blackouts and pain. *Id.* at 6 On July 7, 2020, he was taken to the doctor around 1:00 p.m., where x-rays were taken. *Id.* at 14. Plaintiff seeks monetary damages of $250,000. *Id.* at 6.

II.    Discussion

   A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis

either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    No allegations against Defendants

Plaintiff's complaint contains no factual allegations against Warden Terrie Wallace. To the extent Plaintiff sues Wallace in his capacity as supervisor, he has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and

fails to take corrective action as a result of deliberate indifference or tacit authorization).

### 2. KREC and KREC Medical Annex

It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names KREC and KREC Medical Annex, which are facilities used primarily to house inmates and treat their medical needs. Because KREC and KREC Medical Annex are not persons amenable to suit under § 1983, they are subject to dismissal.

### 3. Negligence

To the extent Plaintiff claims Defendants have been negligent, his claims fail. The law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986);

5

*Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct).

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **September 17, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 3, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge