IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Erik J. Burch, | ) | Case No.: 1:20-cv-2727-JD-SHV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Kirkland Reception and Evaluation Center | ) | |
| Warden Terrie Wallace, in his official | ) | |
| capacity; Officer Darden; and Kirkland | ) | |
| Reception and Evaluation Center Medial | ) | |
| Annex Night Shift Personnel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Erik J. Burch ("Burch" or "Plaintiff"), proceeding *pro se*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983 against Kirkland Reception and Evaluation Center ("KREC") Warden Terrie Wallace ("Wallace"), in his official capacity; Officer Darden ("Darden"); and Kirkland Reception and Evaluation Center Medical Annex Night Shift Personnel ("Medical Night Shift") (collectively "Defendants").

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 327 (1989). In this regard, the Report and Recommendation was issued on September 30, 2021, recommending that the Court dismiss KREC Warden Terrie Wallace and KREC Medical Annex Night Shift Personnel with prejudice and without issuance of service of process. (DE 22.)

The Plaintiff filed no objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that KREC Warden Terrie Wallace and KREC Medical Annex Night Shift Personnel are dismissed with prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 29, 2021

2

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.